15-1255-cv(L)
*First Mercury Ins. Co. v. Shawmut Woodworking & Supply, Inc.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of August, two thousand sixteen.

PRESENT:  PETER W. HALL,
          DENNY CHIN,
          RAYMOND J. LOHIER, JR.,
              *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FIRST MERCURY INSURANCE COMPANY,
          *Plaintiff-Counter-Defendant-Appellant*,

NATIONAL UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, PENNSYLVANIA,
          *Counter-Defendant-Appellant*,

                        v.                                    15-1255-cv(L)
                                                              15-1510-cv(Con)

SHAWMUT WOODWORKING & SUPPLY, INC., DBA
Shawmut Design & Construction,
          *Defendant-Third-Party-Plaintiff-Appellee*,

SHEPARD STEEL COMPANY,
          *Defendant-Counter-Claimant-Appellee*,

AMANDA ADRIAN, Co-Administrator of the Estate of Robert Adrian, ROBERT ENFIELD, ROBERT ELLIOT, SHENEANE RAGIN, LIBERTY MUTUAL INSURANCE COMPANY, FAST TREK STEEL, INC.,

*Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| FOR PLAINTIFF-COUNTER-DEFENDANT-APPELLANT FIRST MERCURY INSURANCE CO.: | R. CORNELIUS DANAHER, JR. (Michael R. McPherson, Jonathan A. Kocienda, *on the brief*), Danaher Lagnese, PC, Hartford, Connecticut. |
| FOR COUNTER-DEFENDANT-APPELLANT NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PENNSYLVANIA: | AARON S. BAYER, Wiggin and Dana LLP, Hartford, Connecticut. |
| FOR DEFENDANT-THIRD-PARTY-PLAINTIFF-APPELLEE SHAWMUT WOODWORKING & SUPPLY, INC.: | ASHLEY A. NOEL (Timothy R. Scannell, Kevin R. Kratzer, *on the brief*), Boyle, Shaughnessy & Campo, P.C., Hartford, Connecticut. |
| FOR DEFENDANT-COUNTER-CLAIMANT APPELLEE SHEPARD STEEL CO.: | PHILIP J. O'CONNOR, Gordon Muir & Foley LLP, Hartford, Connecticut. |
| FOR DEFENDANT-APPELLEE LIBERTY MUTUAL INSURANCE CO.: | JACK G. STEIGELFEST, Howard Kohn Sprague & FitzGerald, LLP, Hartford Connecticut. |

Appeal from the United States District Court for the District of Connecticut (Arterton, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-counter-defendant-appellant First Mercury Insurance Company ("First Mercury") and counter-defendant-appellant National Union Fire Insurance

- 2 -

Company of Pittsburgh, Pennsylvania ("National Union") appeal an April 6, 2015

judgment of the United States District Court for the District of Connecticut, declaring

that First Mercury has a duty to defend Connecticut state court actions brought against

Shawmut Woodworking & Supply, Inc. ("Shawmut") and its subcontractor, Shepard

Steel Company ("Shepard").[1]  We assume the parties' familiarity with the underlying

facts, procedural history, and issues on appeal.

Fast Trek Steel, Inc. ("Fast Trek") was a subcontractor under Shepard and

hence a sub-subcontractor under Shawmut for a construction project at Yale University

in New Haven, Connecticut.  Plaintiffs in state court actions are Fast Trek employees

who sued Shawmut and Shepard for injuries and a death that occurred when steel

beams collapsed at the site.  Plaintiffs in those actions named as defendants Shawmut

and Shepard, but not Fast Trek.

At the time of the incident, a general commercial liability insurance policy

issued by First Mercury (the "Policy") covered Fast Trek.  The Policy provided:

> **A.  Section II -- Who Is An Insured** is amended to include as
> an additional insured any person or organization for whom
> you are performing operations when you and such person or
> organization have agreed in writing in a contract or
> agreement that such person or organization be added as an
> additional insured on your policy.  Such person or
> organization is an additional insured only with respect to
> liability for "bodily injury", "property damage" or "personal
> and advertising injury" caused, in whole or in part, by:

---

[1]      National Union intervened below on the basis that if First Mercury's policy limits
were exhausted, then National Union could be required to provide excess coverage.

- 3 -

**1.** Your acts or omissions; or

**2.** The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the
additional insured.

App. 27. An agreement between Shepard and Fast Trek required Fast Trek to purchase insurance coverage that "must name Shepard as additional insured and must also name the Project owner and construction manager as additional insureds." *Id.* at 117.

The agreement also provided that Fast Trek "shall assume towards Shepard all obligations and responsibilities that Shepard assumes contractually towards General Contractor" and incorporated as "part of the Subcontract Documents" the agreement between Shawmut and Shepard. *Id.* at 116-17. The agreement between Shawmut and Shepard required Shepard to purchase insurance naming Shawmut as an additional insured and to "require each sub-subcontractor . . . to be bound by all Contract Documents to the same extent and with the same effect as if the subcontractor . . . were [Shepard]." *Id.* at 103, 107.

On July 27, 2012, First Mercury filed this lawsuit in the district court below seeking a declaration that it did not have a duty to defend or indemnify Shawmut or Shepard against claims in two of the state court actions. On September 23, 2014, the district court denied First Mercury's motion for summary judgment because there were factual disputes as to the duty to indemnify that could not be resolved until the state court claims were adjudicated. Further, it granted summary judgment to Shawmut and

Shepard, concluding that they were additional insureds under the Policy and that the Policy obligated First Mercury to defend the two state court actions.[2]

On April 6, 2015, the district court granted First Mercury's unopposed motion for entry of a final judgment under Federal Rule of Civil Procedure 54(b), concluding that judicial economy and equity favored entry of a final judgment on the duty to defend issue because a ruling by this Court in favor of First Mercury would moot the entire case. Accordingly, final judgment was entered and this appeal followed.

On appeal, (1) First Mercury and National Union argue that Shawmut is not an additional insured under the Policy, and (2) First Mercury argues that the Policy covers only vicarious liability claims against Shawmut and Shepard, and that those claims were not sufficiently alleged in the state court actions.

We review *de novo* the district court's summary judgment ruling, "construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in [its] favor." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 108 (2d Cir. 2013). A movant is entitled to summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Because interpretation of an

---

[2] The district court also granted a motion for summary judgment made by defendant-appellee Liberty Mutual Insurance Company, which was defending Shawmut and Shepard in the state court actions and intervened below.

- 5 -

insurance agreement is a question of law, we review the district court's construction of the [Policy] de novo." *U.S. Fid. & Guar. Co. v. Fendi Adele S.R.L.*, 823 F.3d 146, 149 (2d Cir. 2016) (quoting *VAM Check Cashing Corp. v. Fed. Ins. Co.*, 699 F.3d 727, 729 (2d Cir. 2012)). In this case, we interpret the Policy under Connecticut law.

Connecticut courts interpret an insurance policy "by the same general rules that govern the construction of any written contract," "look[ing] at the contract as a whole, consider[ing] all relevant portions together and, if possible, giv[ing] operative effect to every provision in order to reach a reasonable overall result." *Lexington Ins. Co. v. Lexington Healthcare Grp., Inc.*, 311 Conn. 29, 37-38 (2014) (quoting *Johnson v. Conn. Ins. Guar. Ass'n*, 302 Conn. 639, 643 (2011)). If an insurance policy is "ambiguous" -- that is, "reasonably susceptible to more than one reading" -- "any ambiguity in the terms of [the] insurance policy must be construed in favor of the insured because the insurance company drafted the policy." *Johnson*, 302 Conn. at 643 (quoting *Conn. Med. Ins. Co. v. Kulikowski*, 286 Conn. 1, 6 (2008)).

First, First Mercury and National Union contend that Shawmut does not qualify as an additional insured under the Policy because the Policy requires that Shawmut and Fast Trek "have agreed in writing in a contract or agreement that [Shawmut] be added as an additional insured on [the] [P]olicy." App. 27. This requirement, however, was met. In its written agreement with Shepard, Fast Trek agreed to name as an additional insured not only Shepard, but also "the Project owner

- 6 -

and construction manager." *Id.* 117. Shawmut was the construction manager. Moreover, Fast Trek's agreement with Shepard incorporated "as part of the Subcontract Documents" the agreement between Shawmut and Shepard, which included a requirement that Shepard and "each sub-subcontract" name Shawmut as an additional insured. *Id.* 103, 107. Hence, Shawmut and Fast Trek clearly "agreed in writing in a contract or agreement" to include Shawmut as an additional insured. *Id.* 117.

First Mercury and National Union respond that the Policy requires Shawmut and Fast Trek to enter into a *single* agreement *with each other*. This interpretation is unpersuasive, for no such language is found in the Policy. First Mercury could have added language specifying the need for a single, direct agreement. Moreover, even assuming this is a reasonable interpretation of the Policy, we construe the Policy in favor of the insured, Shawmut. *See Johnson*, 302 Conn. at 643. Finally, even if First Mercury and National Union's interpretation were the *only* reasonable interpretation, Fast Trek and Shepard's agreement clearly incorporates Shawmut and Shepard's agreement, thereby forming a written contractual relationship between Shawmut as general contractor and Fast Trek as sub-subcontractor. *See Allstate Life Ins. Co. v. BFA Ltd. P'ship*, 287 Conn. 307, 315 (2008) ("Where the signatories execute a contract which refers to another instrument in such a manner as to establish that they intended to make the terms and conditions of that other instrument a part of their

understanding, the two may be interpreted together as the agreement of the parties." (internal quotation marks and alteration omitted)).

Second, First Mercury contends that the coverage under the Policy is limited to vicarious liability claims, *i.e.*, for injuries caused by Fast Trek's acts or omissions, and that the state court actions do not spell out a theory of vicarious liability because the complaints did not name Fast Trek as a defendant. As to whether the Policy is so limited, we again find no language in the Policy supporting First Mercury's interpretation. *See McIntosh v. Scottsdale Ins. Co.*, 992 F.2d 251, 255 (10th Cir. 1993) ("[I]f the parties had intended coverage to be limited to vicarious liability, language clearly embodying that intention was available." (internal quotation marks and alterations omitted)). Indeed, as the district court explained, the Policy reads that First Mercury has a duty to defend claims asserting "liability for [injury] caused, *in whole or in part*, by" Fast Trek. App. 27 (emphasis added). This language clearly contemplates that additional insureds might also be tortfeasors. *See Pro Con, Inc. v. Interstate Fire & Cas. Co.*, 794 F. Supp. 2d 242, 256-57 (D. Me. 2011) ("Defendant, by including the language 'in whole or in part' in its [policy], specifically intended coverage for additional insureds to extend to occurrences attributable in part to acts or omissions by both the named insured and the additional insured." (emphasis omitted)). Further, two of the four plaintiffs allege in their underlying state court complaints that they were employees of Fast Trek, and all of the underlying complaints allege that all of the other relevant

architecture and construction firms approved the allegedly faulty plans that proximately caused the plaintiffs' injuries and that the injured parties were injured on the construction site at Yale, and were subject to work site conditions that did not comply with applicable state and federal safety regulations. Therefore, read as a whole, the complaints' allegations fairly imply fault on the part of Fast Trek. *Cf. Hartford Cas. Ins. Co. v. Litchfield Mut. Fire Ins. Co.*, 274 Conn. 457, 464 (2005) ("An insurer . . . is not excused from its duty to defend merely because the underlying complaint does not specify the connection between the stated cause of action and the policy coverage."). Moreover, the record, which included a report from the Occupational Safety and Health Administration attributing at least some fault to Fast Trek, made clear that all four injured employees were employed by Fast Trek and that Fast Trek was alleged to have been responsible, at least in part, for the injuries. That report was made available to First Mercury. *See id.* at 467 (requiring "the insurer to provide a defense when it has actual knowledge of facts establishing a reasonable possibility of coverage," even if such facts lie outside the "four corners of the complaint" (citation and quotation marks omitted)).

We have reviewed First Mercury's and National Union's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk